UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRICK ALLEN,
FDOC Inmate #M26909,
    Plaintiff,

vs.                                              Case No.:  3:22cv3145/TKW/EMT

J. SANTIAGO, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Derrick Allen (Allen), an inmate of the Florida Department of Corrections proceeding pro se, commenced this case on March 3, 2022, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Presently before the court is Allen's Second Amended Complaint (ECF No. 9).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon review of Allen's Second Amended Complaint, the court concludes this case should be dismissed as malicious for his abuse of the judicial process, pursuant to 28 U.S.C. § 1915A(b)(1).

An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Burrell v. Warden*, No. 20-14304, 2021 WL 3745331, at *2 (11th Cir. Aug. 25, 2021) (Mem) (district court did not abuse its discretion by dismissing prisoner's complaint without prejudice as malicious where prisoner failed to identify two non-habeas federal actions he had filed related to his imprisonment); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process warranted where prisoner failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process warranted where

plaintiff failed to disclose existence of one prior case and disclosed existence of another prior case but failed to disclose it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action because prisoner's misrepresentation was not excused by explanation that he misunderstood the complaint form on which he represented, under penalty of perjury, that he had not filed any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all information known to him regarding prior cases, even though

prisoner could not afford to pay copying and certification costs charged by Florida state courts and no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits not an abuse of discretion, even though inmate conceded in objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under 28 U.S.C. § 1915A(b)(1). Section VIII of the complaint required Allen to disclose information regarding prior civil

Case No.: 3:22cv3145/TKW/EMT

cases filed in state and federal court (*see* ECF No. 9 at 10–11).  Question C asked whether Allen had "filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of his confinement?" (*id.*).  Allen responded "YES" and listed two cases (*id.*).  Allen described the first case as *Allen v. Warden Long, et al.*, filed in the Northern District of Florida and denied on the merits in 2011 or 2012 (ECF No. 9 at 10).  The court's docket confirms Allen previously filed *Allen v. McDonough, et al.*, Case No. 4:07cv469/RH/GRJ, in which Assistant Warden J. Long was one of the Defendants.  The court granted judgment in the Defendants' favor on September 17, 2011.

Allen described the second case listed in response to Question C as *Allen v. Federal and State courts, et al.*, Case No. 2010-cv-5915EM filed in the Southern District of Florida in 2010 and dismissed in 2011 (ECF No. 9 at 11).  The court takes judicial notice of information available on Public Access To Court Electronic Records (PACER).[1]  According to PACER, Allen filed *Allen v. State of Florida, et*

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Allen is hereby advised that if he disputes the accuracy of the facts taken from PACER, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from

*al.*, Case No. 1:10cv21591/JEM, in the Southern District of Florida in May 2010. The court dismissed the case on June 18, 2010. Allen is apparently referring to this case in his answer to Question C.

At the end of the civil rights complaint form, Allen signed his name after the following certification: "I declare under penalties of perjury that the foregoing is true and correct." (ECF No. 9 at 11). Allen thus stated, in effect, that prior to March of 2022, he had not filed any other lawsuit in federal court (other than the two cases he identified) either challenging his conviction or otherwise relating to the conditions of his confinement.

As routinely recognized by this court, the information from the "Prior Litigation" section of the complaint form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

---

petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

Case No.: 3:22cv3145/TKW/EMT

*Spires v. Taylor*, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the dispositions of those cases, can be considerable.

According to the PACER, Allen commenced *Allen v. Supreme Court of Florida., et al.,* 1:14cv21760/FAMFAM, in May 2014, by filing a "Petition for Writ of Mandamus Due to Miscarriage of Injustice [sic]," pursuant to 28 U.S.C. §§ 1361, 1651, in the federal district court for the Southern District of Florida. *See id.*, Petition, ECF No. 1 (S.D. Fla. May. 14, 2014).[2] Allen sought mandamus relief compelling a state court judge, Judge Milton Hirsch, to vacate an order barring Allen from filing successive post-conviction pleadings and compelling Judge Hirsch to rule on Allen's pending motions. *See id.* Allen alternatively requested that the district court vacate his state criminal judgment and sentence. *See id.* The district court adjudicated Allen's pleading as follows:

---

[2] The plaintiff in Case No. 1:14cv21760/FAM is identified as FDOC Inmate #M26909 (*see* ECF No. 1 at 42, in that case). Allen identifies himself with that same inmate number in this case (*see* ECF No. 9).

Case No.: 3:22cv3145/TKW/EMT

> To the extent Petitioner is seeking a writ of mandamus, this Court does not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971). Alternatively, Petitioner seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651(a). . . . [T]he All Writs Act does not provide an avenue for relief when the petitioner, who is in custody, seeks to challenge a state court's judgment on federal grounds. *Felker v. Turpin*, 518 U.S. 651, 662 (1996). The only grounds available to challenge the state court judgment is under 28 U.S.C. § 2254. *Id.*

*See Allen*, Case No. 1:14cv21760-FAM, Order (S.D. Fla. July 17, 2014).

This case clearly qualified as a lawsuit brought in federal court challenging Allen's conviction. As such, Allen was required to disclose it in his answer to Question C, but he did not.[3]

The court has authority to control and manage matters such as this case pending before it, and Allen's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Allen falsely responded to Question C in the Prior Litigation section of the complaint, as detailed above. Allen knew that disclosure of all prior action(s)

---

[3] Allen did not disclose this case in either of his prior pleadings (*see* ECF No. 1 at 1–11; ECF No. 7 at 10–11).

Case No.: 3:22cv3145/TKW/EMT

was required, and that dismissal of the action may result from untruthful answers, because the complaint form expressly notified him of this (*see* ECF No. 1 at 11 ("**Failure to disclose all prior cases may result in the dismissal of this case.**")). If Allen suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the complaint form. Furthermore, if word spread around the jail that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Allen's false response to go unpunished.

The court recommends that an appropriate sanction for Allen's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause **without prejudice**.[4, 5]  *See Rivera*, 144 F.3d at 731 (dismissal

---

[4] Providing Allen an opportunity to amend his complaint to disclose the previous lawsuit he failed to identify would equate to overlooking his abuse of the judicial process. *See Hood*, 197 F. App'x at 819. Amendment would not change the fact that Allen failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required.

[5] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue. The statute of limitations for claims under § 1983 is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state). Allen sues prison officials and medical providers at his current institution (Santa Rosa Correctional Institution) and an institution where he was previously housed within the past four years (Blackwater River Correctional Facility), complaining about the medical providers' failure to diagnose and treat a cyst on his leg (*see* ECF No. 9 at 4–7, 12–18

of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Additionally, Allen is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

2. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 12th day of April 2022.

---

(administrative grievances filed by Allen in 2019 and 2021 while he was housed at Blackwater River C.F. and Santa Rosa C.I., respectively)). Allen has adequate time to file another civil rights action.

Case No.:  3:22cv3145/TKW/EMT

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.: 3:22cv3145/TKW/EMT