UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRICK ALLEN,

    Plaintiff,

vs.                                                    Case No.:  3:22cv3145/TKW/EMT

J. SANTIAGO, et al.,

    Defendants.
_____/

## **ORDER**

    This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 10) and Plaintiff's objection (Doc. 11). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3).

    Based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to fully disclose his ligation history. The Court did not overlook Plaintiff's argument that the case he did not disclose was a "mandamus," not a tort claim or a §1983 suit, but the question on the complaint form clearly asked Plaintiff whether he had "filed any other lawsuits in federal court either <u>challenging [his] conviction</u> or otherwise relating to the conditions of his confinement" (emphasis added), and it is undisputed

that the undisclosed case challenged Plaintiff's conviction. Thus, this case should have been disclosed. *See Kendrick v. Inch*, 2021 WL 2623215, at *1 (N.D. Fla. June 25, 2021) (rejecting prisoner's argument that he did not have to disclose federal criminal cases challenging his conviction and sentence because civil rights complaint form specifically required those cases to be listed); *Johnson v. Burch*, 2019 WL 4596569, at *1 (N.D. Fla. Sep. 23, 2019) (rejecting argument that the civil rights complaint form only required prisoner to disclose lawsuits seeking money).

Nor did the Court overlook Plaintiff's argument that the magistrate judge is "bias[ed] against" him because she characterized his complaint as being "malicious." That characterization is not an "attack" on Plaintiff but rather is merely another way of saying that the complaint is an "abuse of process" because it failed to fully disclose Plaintiff's litigation history. *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) ("[W]e have explained that failure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal.").

Finally, the Court did not overlook that Plaintiff paid the filing fee. However, as noted in the Order on Plaintiff's motion for the Court to acknowledge his payment of the filing fee (Doc. 13), paying the filing fee does not exempt a pro se prisoner's complaint from screening for maliciousness and frivolousness under 28 U.S.C.

§1915A.  *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (holding that district court is required to screen prisoner suits under §1915A irrespective of whether the prisoner paid the filing fee or is proceeding in forma pauperis); *Kendrick*, 2021 WL 2623215, at *1 ("[S]anctions can be imposed based on a pro se prisoner's failure to disclose his litigation history, irrespective of whether the prisoner paid the filing fee or is proceeding in forma pauperis."); 28 U.S.C. §1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious.").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** as an abuse of process pursuant to 28 U.S.C. § 1915A(b)(1) based on Plaintiff's failure to fully disclose his litigation history.

3. The Clerk shall enter judgment in accordance with this Order and close this case.

**DONE and ORDERED** this 29th day of April, 2022.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**